**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jason Quigley, | : |
|            Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| J. Rogers and Associates, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
|            Defendants. | : |

For this Complaint, Plaintiff, Jason Quigley, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Jason Quigley ("Plaintiff"), is an adult individual residing in Taunton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant J. Rogers and Associates, LLC ("JRA"), is a Massachusetts business entity with an address of 4 High Street, Suite 202, North Andover, Massachusetts 01845, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.Does 1-10 (the "Collectors") are individual collectors employed by JRA and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.JRA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.The Debt was purchased, assigned or transferred to JRA for collection, or JRA was employed by the Creditor to collect the Debt.

11.Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. JRA Engages in Harassment and Abusive Tactics

12.In or around April 2017, JRA contacted Plaintiff in an attempt to collect the Debt.

13.JRA told Plaintiff that it would levy his bank account if he didn't enter into an immediate payment arrangement.

14.Plaintiff told JRA that his only source of income was Social Security benefits and that he couldn't make a payment.

15.Thereafter, JRA threatened to seize Plaintiff's car, arrest him, and garnish his protected income.

16. Upon information and belief, to date none of the threatened actions have been taken.

### C. **Plaintiff Suffered Actual Damages**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the legal status of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with imprisonment if the Debt was not paid.

24. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with seizure of his property if the Debt was not paid.

25. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with attachment of his property if the Debt was not paid.

26. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without actually intending to do so.

27. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

29. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

32. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

   c. 93A § 9(3);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 17, 2017

                                            Respectfully submitted,

                                            By  /s/ Sergei Lemberg

                                            Sergei Lemberg (BBO# 650671)
                                            LEMBERG LAW, L.L.C.
                                            43 Danbury Road, 3rd Floor
                                            Wilton, CT 06897
                                            Telephone: (203) 653-2250
                                            Facsimile: (203) 653-3424
                                            Attorneys for Plaintiff